## UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: STANFORD ENTITIES SECURITIES
LITIGATION

MDL No. 2099

(SEE ATTACHED SCHEDULE)

## CONDITIONAL REMAND ORDER

The transferee court in this litigation has advised the Panel that coordinated or consolidated pretrial proceedings in the action(s) on this conditional remand order have been completed and that remand to the transferor court(s), as provided in 28 U.S.C. § 1407(a), is appropriate.

IT IS THEREFORE ORDERED that the action(s) on this conditional remand order be remanded to its/their respective transferor court(s).

IT IS ALSO ORDERED that, pursuant to Rule 10.2 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, the transmittal of this order to the transferee clerk for filing shall be stayed 7 days from the date of this order. If any party files a notice of opposition with the Clerk of the Panel within this 7–day period, the stay will be continued until further order of the Panel. This order does not become effective until it is filed in the office of the Clerk for the United States District Court for the Northern District of Texas.

IT IS FURTHER ORDERED that, pursuant to Rule 10.4(a), the parties shall furnish the Clerk for the Northern District of Texas with a stipulation or designation of the contents of the record to be remanded.

Inasmuch as no objection is
pending at this time, the
stay is lifted.

Jan 31, 2019

CLERK'S OFFICE
UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

**IN RE: STANFORD ENTITIES SECURITIES LITIGATION** — MDL No. 2099

## SCHEDULE FOR CRO

| TRANSFEREE | | | TRANSFEROR | | | |
|---|---|---|---|---|---|---|
| **DIST** | **DIV.** | **C.A.NO.** | **DIST** | **DIV.** | **C.A.NO.** | **CASE CAPTION** |
| TXN | 3 | 13−03127 | LAM | 3 | 13−00150 | Lillie et al v. Stanford Trust Company, et al |
| TXN | 3 | 17−00052 | LAM | 3 | 16−00801 | Ahders v. SEI Private Trust Company et al |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: STANFORD ENTITIES SECURITIES LITIGATION | § § § | |
| *Lillie, et al. v. Stanford Trust Co., et al.*, 3:13-CV-3127-N | § § § § | MDL NO. 3:09-MD-2099 |
| *Adhers v. SEI Private Trust Co., et al.*, 3:17-CV-0052-N | § § § | |

## SUGGESTION OF REMAND TO THE MIDDLE DISTRICT OF LOUISIANA

Pursuant to Panel Rule 10.1, this Court respectfully recommends that the Judicial Panel on Multidistrict Litigation remand *Lillie, et al. v. Stanford Trust Co., et al* ("*Lillie*"), No. 3:13-CV-3127-N, and *Adhers v. SEI Private Trust Co., et al.* ("*Adhers*"), No. 3:17-CV-0052-N to the Middle District of Louisiana. This is the first suggestion of remand arising out of the almost-ten-years-old Stanford MDL.

### I. BACKGROUND

R. Allen Stanford created and perpetrated a Ponzi scheme that has given rise to much litigation. Stanford created and owned Stanford International Bank, Ltd. (SIB), located in the Commonwealth of Antigua and Barbuda, and a complex web of related companies. Stanford sold certificates of deposit ("CDs") to the investing public, promising buyers high rates of return. Stanford represented to prospective investors that their funds would be reinvested in high-quality securities, which would yield high rates of return guaranteed by the CDs. Stanford, however, funneled the investors' funds into speculative private equity

ORDER – PAGE 1

investments and also used the funds to support his extravagant lifestyle. As early as 1999, Stanford began using the vast majority of new investor funds to pay the promised returns to prior investors. This scheme allowed Stanford to continue selling additional CDs to yet more prospective investors. It is not clear when the scheme began, but Stanford's Chief Financial Officer determined that the Ponzi scheme began and was insolvent as early as 1999, until it began to unravel in October 2008. By the time the scheme collapsed in February 2009, the Stanford entities had raised more than $7 billion from the sale of fraudulent CDs. Stanford was prosecuted for and convicted of numerous federal offenses.

The Securities and Exchange Commission (the "SEC") brought a civil suit in this District against Stanford, his agents, and his corporations on February 16, 2009. The SEC asked the Court to appoint a receiver for Stanford and his companies in order to preserve the Stanford corporations' resources and pursue the corporations' assets that were in the hands of third parties as a result of fraudulent conveyances. This Court then appointed Ralph S. Janvey (the "Receiver") as receiver and authorized him to commence any actions necessary to recover assets of the Receivership Estate.

The SEC's filing of the receivership instituted a flood of litigation in both federal and state courts. By Order dated October 6, 2009, the JPML centralized the federal Stanford litigation in this Court. *In re Stanford Entities Litig.*, 655 F. Supp. 2d 1360 (J.P.M.L. 2009). The Panel's rationale for MDL centralization was that "[a]ll actions arise out of the alleged $8 billion fraud" perpetrated by R. Allen Stanford through the Stanford companies he controlled. The Panel further reasoned that common factual questions existed, involving

ORDER – PAGE 2

"alleged misrepresentations or omissions relating to the safety of Stanford investments." *Id*. These included whether "claims focus on (1) alleged misrepresentations or omissions by Stanford, (2) insurance coverage letters used by Stanford to promote its investments or (3) the alleged role of the Commonwealth of Antigua and Barbuda in the alleged Stanford fraud . . . ." *Id*.

The receivership has proceeded along five fronts: (1) primary claims against Stanford and the Stanford principals; (2) establishment of an investor claims and distribution procedure; (3) asset recovery; (4) clawback litigation against certain Stanford investors and employees; and (5) third-party litigation against other entities (bankers, insurers, accountants, lawyers, etc.) that the Receiver believed had facilitated the Stanford Ponzi scheme.

Stanford and the Stanford principals were criminally prosecuted in the Southern District of Texas and were either found guilty or pled guilty. The SEC obtained summary judgment against Stanford in the receivership action. In connection with asset recovery,[1] the Receiver took control over Stanford's books and records and has completed an extensive forensic analysis of those records. The Stanford principals have been deposed from prison, and the Receiver's forensic expert has testified and been deposed multiple times. The Receiver has established a document repository for the recovered Stanford records and established procedures for litigants to obtain access to those materials.

---

[1]The Receiver's asset recovery efforts were complicated by the existence of a parallel receivership process under the auspices of the government of Antigua and Barbuda, which had arguably sheltered the Stanford enterprises.

The first three fronts of the receivership are substantially complete. This Court fervently hopes that the clawback and third-party litigation are winding down.

## II. REMAND STANDARD

Section 1407 states that "[e]ach action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated." 28 U.S.C. § 1407(a). However, it is "not contemplated that a Section 1407 transferee judge will necessarily complete all pretrial proceedings in all actions transferred and assigned to him by the Panel . . . ." *In re Evergreen Valley Project Litig.*, 435 F. Supp. 923, 924 (J.P.M.L. 1977). Instead, the transferee judge "in his discretion will conduct the common pretrial proceedings with respect to the actions and any additional pretrial proceedings as he deems otherwise appropriate." *Id*. Therefore, in considering remand, the Panel is "greatly influenced by the transferee judge's suggestion that remand of the action is appropriate." *Id*.; *see also In re Data Gen. Corp. Antitrust Litig.*, 510 F. Supp. 1220, 1226-27 (J.P.M.L. 1979) (per curiam). Moreover, courts "routinely suggest remand despite pending dispositive motions . . . and the JPML has repeatedly remanded cases under such circumstances." *In re Activated Carbon-Based Hunting Clothing Mktg. & Sales Practices Litig.*, 840 F. Supp. 2d 1193, 1200 (D. Minn. 2012); *see, e.g., In re Baseball Bat Antitrust Litig.*, 112 F. Supp. 2d 1175, 1177 (J.P.M.L. 2000).

### III. THIS COURT RESPECTFULLY SUGGESTS REMAND

On August 8, 2013 and January 4, 2017, the Panel transferred *Lillie* and *Adhers*, respectively, stating that these cases involve questions of fact that are common to the actions previously transferred to the Northern District of Texas and assigned to the undersigned. In light of the fact that the remaining MDL is mainly a receivership, akin to a bankruptcy proceeding, the Court recommends remand of *Lillie* and *Adhers*, as these cases do not share much overlap with the balance of the MDL.

Plaintiffs in *Lillie* and *Adhers* are Louisiana investors in Stanford CDs, who have lost all their money. While Plaintiffs' damages in the *Lillie* and *Adhers* cases have their genesis in the Stanford collapse and resulting loss of investment savings, these two cases do not share the common questions of fact identified in the original 2009 MDL order. The instant cases turn on whether SEI is liable for violations of the Louisiana Securities Act. The central question is whether SEI is liable under this statute as a "control person."

At a July 27, 2018 status conference in *Lillie* and *Adhers*, the Court sua sponte raised the issue of remand, and requested a written response. The Plaintiffs support remand. The SEC and the Receiver take no position. Defendant SEI[2] opposes remand.

The Court recommends remand for two primary reasons. First, there is no overlap in any of the remaining discovery. All common discovery has been completed. Any further

---

[2] Defendants Allied World Assurance Company (U.S.) Inc., Continental Casualty Company, Certain Underwriters of Lloyd's of London, Indian Harbor Insurance Company, Nutmeg Insurance Company, and Arch Insurance Company filed notice that they are in agreement with SEI's position regarding remand.

ORDER – PAGE 5

discovery in the remaining MDL cases will not affect these two cases. Conversely, any remaining discovery in these two cases will not affect any of the remaining MDL cases. Any benefits to consolidated discovery management are over. Second, these two cases turn on Louisiana securities law. No other case in the MDL involves Louisiana securities law. As is so often the case, Louisiana securities law is substantively different from that of the other forty-nine states. While this Court could probably make a good stab at learning Louisiana securities law, it makes more sense to commit those issues to a judge already familiar with them. Accordingly the Court respectfully suggests remand of these two cases.

SEI contends that remand is inappropriate because to establish liability against SEI as a "control person," Plaintiffs must first establish the primary liability of Stanford Trust Company with regard to the SIB certificates of deposit. However, given the proceedings in this Court and the Fifth Circuit, it is now beyond dispute that the Stanford companies were operated as a Ponzi scheme and that SIB CD investments were not managed as represented and that such representations were material. Thus, the "key issue" is not whether Stanford Trust was primarily liable, but instead "whether SEI controlled Stanford Trust's specific liability-creating conduct" under Louisiana securities law. SEI's Resp. to Mot. to Transfer at 5 [258].

SEI additionally argues against remand because the parties will likely seek discovery from the Stanford Receiver. But as the Court noted at the July 27, 2018 status conference, the Receiver has an effective process for making discovery documents available to others, which applies regardless of whether cases are pending in Dallas or Louisiana. Tr., July 27,

ORDER – PAGE 6

2018 Status Conference [234]. Moreover, this Court has already considered and disposed of the class certification question in *Lillie*; and the Receiver has not asserted any claims against SEI in any action. The remaining liability questions are therefore unique to *Adhers* and *Lillie*, turning specifically on Louisiana law. And because these cases raise unique issues, this Court does not have any "particular expertise" that would make it more capable of disposing of the parties' claims than the transferor court. *In re Activated*, 840 F. Supp. 2d at 1201. It is not the role of a court presiding over an MDL to make case-specific rulings. *Id*. The Court therefore concludes that remand will best serve the expeditious disposition of the litigation. Accordingly, the Court respectfully recommends to the Panel that the *Lille* and *Adhers* cases be remanded to the transferor court.

Signed January 17, 2019.

David C. Godbey
United States District Judge

ORDER – PAGE 7